# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

GWEN HART, JOSEPH DRUTHER, LUCILLE
DRUTHER, EDWARD WUELLNER, and
JENNIFER WUELLNER, on their own behalf
and on behalf of all counties similarly situated,

    Plaintiffs-Appellants,

    v.

LOUISIANA-PACIFIC CORPORATION, et al.,

    Defendant-Appellee.

**Case No. 13-2375**

## PLAINTIFFS-APPELLANTS SECOND MOTION FOR
## EXTENSION OF BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, FURTHER
## SUPPORT FOR THEIR MOTION TO HOLD IN ABEYANCE

Plaintiffs-Appellants, Gwen Hart, Joseph and Lucille Druther, and Edward
and Jennifer Wuellner, through undersigned counsel, hereby submits this Second
Motion for Extension of Briefing Schedule or, in the alternative, further support for
their motion to hold in abeyance.  In support of this Motion, Plaintiffs-Appellants
show the Court as follows:

    1.    On November 27, 2013, this court entered a Briefing Order in
this matter.

    2.    On December 2, 2013, Plaintiffs-Appellants filed a Motion to
Hold in Abeyance [Doc: 24] in this matter pending the outcome of the appeal of
*Christie v. Hartley Construction, Inc.*, *Christie v. Hartley Const., Inc.*, 745 S.E.2d

60, 62 (N.C. Ct. App. 2013) *review allowed,* 359A13, 2013 WL 6730991 (N.C. Dec. 18, 2013)[1] which is presently pending in the North Carolina Supreme Court. As stated in the Motion to Hold in Abeyance, Plaintiffs-Appellant's asserted, *inter alia*, that *Christie* was the sole basis for the District Court's Order presently under appeal.  See Doc: 24 at 5.   Indeed, in its September 3, 2013 Order granting Defendant-Appellee's summary judgment and decertification of the class, the District Court relied upon *Christie* to dismiss the case based upon the statute of repose by stating, "The Court has been presented with insufficient evidence to find that the North Carolina Supreme Court would decide the issue differently." See Attached **Exhibit A**, (EDNC Docket # 216 at 3).

3.     On December 5, 2013, this Court entered an Order allowing Plaintiffs-Appellants Motion for Extension of the briefing schedule making Plaintiffs-Appellants Appendix and Opening Brief due on January 21, 2014.

4.     Defendant-Appellee's filed their response to Plaintiffs-Appellants Motion to Hold in Abeyance on December 16, 2013. In its response, Defendant-Appellee argued, *inter alia*, that "*Christie's* application to this case is not dispositive of this appeal, and there are other bases for upholding summary judgment and decertification that do not in any way hinge on the *Christie* case." [Doc: 25 at 9]. Defendant-Appellee also argued that Plaintiffs-Appellants

---

[1] It should be noted that the undersigned counsel is also counsel of record for the Plaintiffs in *Christie*.

requested a stay of indefinite duration because the plaintiff-appellant in *Christie* filed a petition for discretionary review and that it seemed unlikely that oral argument would take place in the spring of 2014. *Id*. at 14-15.

5.      However, Defendant-Appellee's position is inconsistent with its earlier position regarding *Christie* in moving for summary judgment in the District Court in which it stated, "Thus, based upon the undisputed material facts in this case and the Court of Appeals' decision in Christie, North Carolina law dictates that Plaintiffs may not recover from LP damages for breach of express warranty because their claims were brought after expiration of the six-year statute of repose, and LP is entitled to summary judgment." See Attached **Exhibit B**, (EDNC Docket # 209 at 5). See Also Attached **Exhibit C**, (EDNC Docket # 212 at 8) ("Plaintiffs have set forth no grounds upon which this court can overlook the clear import of the Christie decision." "Plaintiffs' remaining desperate attempts to evade the impact of *Christie* on this case by suggesting that this Court need not abide by its holding should be rejected by this Court.")[2]

6.      However, on December 20, 2013, Plaintiffs-Appellants learned that the North Carolina Supreme Court granted the petition for discretionary review as to additional issues in *Christie* on December 18, 2013. See Attached **Exhibit E**.  In

---

[2] LP's position again is inconsistent with its earlier position in which it stated, "Plaintiff devotes over four (4) pages of her Response (DE #31, p. 5-8, 11-12) to a proposition with which LP does not disagree-that the statute of repose does not bar plaintiff's claim under the ten (10) year express written warranty ("express written warranty")."  See Attached **Exhibit D**, (EDNC Docket # 32).

addition to whether the statute of repose bars a clam for damages for claims brought against a manufacturer/supplier for breach of an express warranty which extends beyond the statute of repose, the North Carolina Supreme Court has agreed to hear arguments about whether the statute of repose bars claims against a manufacturer/supplier who makes unfair or deceptive misstatements in its marketing and advertisements. Therefore, the new brief of plaintiffs-appellants in *Christie* is now due on January 17, 2014.

7.    Since Plaintiffs-Appellants' brief in this matter is currently due on January 21, 2014, in order to devote adequate time and resources to both important briefs, Plaintiffs-Appellants respectfully request an extension of time to file their brief.

8.    Counsel for Plaintiffs-Appellants have conferred with counsel for Defendant-Appellee regarding this Second Motion for Extension of the briefing schedule and the Defendant-Appellee does not oppose a three week extension, which would extend the Briefing Order as follows:

Appendix due:      February 10, 2014

Opening brief due:  February 10, 2014

Response brief due: March 17, 2014

Reply brief permitted within 14 days of service of response brief.

Plaintiffs-Appellants respectfully request that this Second Motion for Extension Briefing Schedule be granted and that the Court's Briefing Order be Amended as stated above, or, in the alternative, Plaintiffs-Appellants renew their request that their motion to hold this matter in abeyance pending the North Carolina Supreme Court's decision in *Christie* be granted.

Respectfully submitted, this the 10th day of January, 2014.

*/s/ Daniel K. Bryson*
Daniel K. Bryson (NC Bar # 15781)
Scott C. Harris (NC Bar # 35328)
WHITFIELD BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Tel: (919) 600-5000
Fax: (919) 600-5035
Email: scott@wbmllp.com
Email: dan@wbmllp.com

Joel R. Rhine
Jean S. Martin
RHINE LAW FIRM
314 Walnut Street
Wilmington, NC 28401
Tel: (910) 772-9960
Fax: (910) 772-9062
Email: jrr@rhinelawfirm.com
Email: jsm@rhinelawfirm.com

Auley M. Crouch, III
Christopher K. Behm
BLOCK, CROUCH, KEETER,
BEHM & SAYED, LLP
PO Box 4
Wilmington, NC 28402
Tel: (910) 763-2727
Fax: (910) 762-6429
Email: cbehm@bcklawfirm.com
Email: acrouch@bcklawfirm.com

Gary E. Mason
Nicholas A. Migliaccio
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Avenue, NW
Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 429-2294
Email: gmason@wbmllp.com
Email: nmigliaccio@wbmllp.com

*Attorneys for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on January 10th, 2014, I electronically filed the foregoing *Second Motion for Extension of Briefing Schedule* with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system including:

Richard T. Boyette
Meghan N. Knight
CRANFILL, SUMNER & HARTZOG, LLP
P.O. Box 27808
Raleigh, NC 27611-7808
Email: rboyette@cshlaw.com
Email: mknight@cshlaw.com

James E. Weatherholtz
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
P.O. Box 999
Charleston, SC 29402
Email: jweatherholtz@wcsr.com

John Parker Sweeney
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L. Street, NW, Suite 1350
Washington, DC 20036
Email: jsweeney@babc.com

*/s/ Daniel K. Bryson*
Daniel K. Bryson

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:08-CV-47-BO

| | | |
|---|---|---|
| GWEN HART, JOSEPH DRUTHER, LUCILLE DRUTHER, EDWARD WUELLNER, and JENNIFER WUELLNER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>LOUISIANA-PACIFIC CORPORATION,<br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) | **O R D E R** |

This cause comes before the Court on multiple pending motions. For the reasons

discussed below, defendant's motion for summary judgment is granted, the class is decertified,

and the remaining motions are denied as moot.

BACKGROUND

The Court hereby incorporates by reference as if fully set forth herein its recitation of the

facts and procedural history of this action as set out in its previous orders. This matter was

scheduled to proceed to trial during the Court's August 2013 term, but the trial was continued in

light of multiple motions filed. Pending are plaintiffs' motion for trial phasing and defendant's

motion for reconsideration of the Court's order denying partial summary judgment and declining

to decertify class, as well as defendants' motion to expedite consideration of the pending motions

in light of trial and now, most recently filed, defendant's motion for summary judgment. The

Court addresses first the motion for summary judgment.

E HIBIT A

## DISCUSSION

Defendant contends that a recent decision of the North Carolina Court of Appeals clarifies that the named plaintiffs' claims are barred by the applicable statute of repose under North Carolina law. "Summary judgment is proper if the pleadings or proof show without contradiction that the statute of repose has expired." *Bryant v. Don Galloway Homes, Inc.*, 147 N.C. App. 655, 657 (2001) (citation omitted). Although the deadline for filing dispositive motions has passed, the Court finds it appropriate to consider defendant's motion as it raises not merely a defense but the absence of a "condition precedent to [plaintiffs'] right to maintain a lawsuit." *Tipton & Young Const. Co. Inc. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 117 (1994). Furthermore, a court may reconsider its own orders entered before entry of final judgment. Fed. R. Civ. P. 54(b).

The Court previously addressed defendant's argument regarding the application of the statute of repose in its order denying defendant's motion for partial judgment on the pleadings and motion for judgment on the pleadings [DE 47]. There, the Court found that, because an express warranty is contractual in nature, a claim for breach of an express warranty may be brought after the expiration of the applicable six year statute of repose if the express warranty period extends beyond the statute of repose. Distinguishing a 2008 North Carolina Court of Appeals opinion, *Roemer v. Preferred Roofing*, 190 N.C. App. 813 (2008), this Court further held that because the express warranty at issue here provides that damages are the only remedy available, plaintiff Hart was not limited to specific performance as a remedy for her breach of

2

E HIBIT A

warranty claim.[1]

On July 16, 2013, a panel of the North Carolina Court of Appeals, instructed by *Roemer*, held that, even in the face of an express warranty that includes a longer term, "a plaintiff whose action is not filed within the time set forth in the statute of repose has *no* cause of action for damages." *Christie v. Hartley Const., Inc.*, 745 S.E.2d 60, 63 (N.C. App. 2013) (emphasis added). "[F]ederal courts, under the doctrine of *Erie* . . . must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently." *Assicurazioni Generali, S.p.A. v. Neil*, 60 F.3d 997, 1002 (4th Cir. 1998) (quoting *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467 (1940)). The Court has been presented with insufficient evidence to find that the North Carolina Supreme Court would decide this issue differently.

It is undisputed that this suit was filed beyond the six-year statute of repose applicable to the claims of the named plaintiffs. Defendant's express warranty provides that the "sole available remedy" is that defendant "will pay an amount equal to the cost of replacing any such failed Product" or up to twice the cost of replacing the failed product, depending on the year of the warranty. Although plaintiffs request "specific performance" of the warranty provision remedying breach, at bottom such provision, as this Court has previously held, is one for damages. As recently clarified by the North Carolina Court of Appeals, any action for damages brought outside of the statute of repose is barred. Summary judgment is therefore appropriate as to the claims of the named plaintiffs.

---

[1]On September 21, 2009, plaintiff Hart along with plaintiffs Druther and Wuellner filed an amended class action complaint.

3

## Decertification of the Class

The Court is persuaded by defendant's argument that decertification of the class is appropriate in light of *Christie*. Plaintiffs assert a claim for breach of express warranty, and application of *Christie* provides that those class members who would bring claims within the statute of repose would be permitted to seek damages under the existing or reformed warranty while those bringing claims outside of the statute of repose would not. The underlying basis for this Court's certification of the class was its finding that the statute of repose would not bar an action for damages brought under the express warranty, meaning that the named plaintiffs and any class member who purchased Trimboard within the last ten years would have standing to bring an action alleging breach of the express warranty.

*Christie* now directs that the statute of repose *does* bar an action for damages, even if the terms of the warranty extend beyond the applicable period of repose. Therefore, the task of determining which plaintiffs would be permitted to bring an action for damages would necessarily require an individualized determination of "the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement." N.C. Gen. Stat. § 1-50(a)(5). The necessity for such a determination does in fact destroy "typicality, . . . predominance, [and] otherwise foreclose class certification." *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003). Accordingly, pursuant to Rule 23(c)(1)(3) of the Federal Rules of Civil Procedure and in light of the Court's broad discretion to certify or decertify a class action, *Ward v. Dixie Nat. Life Inc. Co.*, 595 F.3d 164, 179 (4th Cir. 2010), the class certified by this Court's July 18, 2011, order is hereby DECERTIFIED. Members of the former class may proceed with their claims solely on an individual basis.

4

E HIBIT A

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion for summary judgment [DE 208] is GRANTED.

Defendant's renewed request to decertify the class is hereby ALLOWED. Class counsel is hereby DIRECTED to notify the class pursuant to Rule 23(c)(2)(B) that class has been decertified and that each member may proceed with their claims on an individual basis.

All other pending motions [DE 184, 199 & 203] are DENIED AS MOOT.

The clerk is DIRECTED to close this case.

SO ORDERED, this **30** day of August, 2013.

Terrence W. Bayl

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE

5

E  HIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| GWEN HART, JOSEPH DRUTHER, | ) | Civil Action No. 2:08-cv-00047-BO |
| LUCILLE DRUTHER, EDWARD | ) | |
| WUELLNER, and JENNIFER WUELLNER, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LOUISIANA-PACIFIC CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Defendant Louisiana-Pacific Corporation ("LP") submits this Memorandum in Support of LP's Motion for Summary Judgment. For the reasons stated herein, LP requests respectfully that this Court hold as a matter of law, based on undisputed material facts, that the six-year statute of repose in North Carolina applicable to the claims at issue in this case,[1] as most-recently interpreted by the North Carolina Court of Appeals in Christie v. Hartley Construction, Inc., No. COA12-1385, 2013 N.C. App. LEXIS 759 (filed July 16, 2013), bars Plaintiffs Gwen Hart, Joseph Druther, Lucille Druther, Edward Wuellner, and Jennifer Wuellner ("Plaintiffs") from recovering damages against LP for breach of express warranty, the only type of relief and cause of action Plaintiffs have pursued.

---

[1] The former Section 1-50(a)(6) of the North Carolina General Statutes, which applies to Plaintiffs' claims in this case, provided that "[n]o action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C.G.S. § 1-50(a)(6).

In <u>Christie</u>, the Court of Appeals held that a plaintiff may not recover damages for breach of express warranty where such claim is brought after expiration of the statute of repose, even where the underlying warranty giving rise to the claim sets forth a longer period of coverage, and without regard to the nature of the remedy provided in the warranty.  Here, it is undisputed that Plaintiffs' claims seeking damages for breach of express warranty were brought after expiration of the statute of repose; thus, Plaintiffs may not recover damages from LP on their claim for breach of express warranty, and LP is entitled to summary judgment.

<u>**STATEMENT OF UNDISPUTED MATERIAL FACTS**</u>

The Pretrial Order in this case, which was approved by the Court on June 21, 2013, includes the following stipulations of fact:

- "Plaintiff Gwen Hart ('Hart') is the owner of a home in Nags Head, North Carolina, built in 1999, which had LP TrimBoard on its exterior."

- "Joseph and Lucille Druther ('Druthers') own a home in Apex, North Carolina, built in July, 2000, with TrimBoard on its exterior."

- "Plaintiffs Edward and Jennifer Wuellner ('Wuellner' or 'Wuellners') also own a home in Apex, North Carolina, built in 2001 with LP TrimBoard on its exterior."

<u>See</u> Pretrial Order (Third Corrected), Doc. No. 201, at 7, 8.

In Plaintiffs' proposed trial plan, which is set forth in the Pretrial Order, Plaintiffs make clear that the only recovery that they seek from LP is damages for breach of express warranty, stating: "*Phase Three: Class Representative Damage Awards*.  If the Court reforms the express warranty, the Plaintiffs will seek to impanel a jury **for the purposes of awarding damages** to the named class representatives under the reformed express warranty."  <u>See</u> <u>id.</u> at 5 (emphasis added).

2

## STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a statute of repose has run is a question of law, and summary judgment is proper if the pleadings or proof show without contradiction that the statute of repose has expired. The Glens of Ironduff Prop. Owners Ass'n, Inc. v. Daly, __ N.C. App. __, __, 735 S.E.2d 445, 447 (2012).

## ARGUMENT

Without dispute, Plaintiffs' Complaint pleads an "action for the recovery of damages for . . . damage to property based upon or arising out of any alleged defect or any failure in relation to a product" within the meaning of the applicable statute of repose. Equally undisputed is the fact that Plaintiffs did not file their initial Complaint until 2008, more than six years after TrimBoard was installed on their homes, and outside the statute of repose. See generally Complaint, Doc. No. 1, Ex. A.

LP raised initially its contention that the six-year statute of repose barred Plaintiffs from recovering damages for breach of express warranty in this case in its Motion for Judgment on the Pleadings. See generally Memorandum in Support of Motion for Judgment on the Pleadings, Doc. No. 24, at 3-7. On November 19, 2009, this Court denied that motion, holding that "[a] claim for breach of an express warranty may be brought after the expiration of the six year statute of repose if the express warranty period extends beyond the statute of repose," and that, "[b]ecause the express warranty here provides that damages are the only remedy available,

3

Plaintiff is not limited to specific performance as a remedy for her breach of warranty claims." See November 19, 2009 Order Denying Motion for Judgment on the Pleadings, Doc. No. 47, at 3, 4. In reaching its decision, the Court relied explicitly upon contentions set forth in a treatise entitled North Carolina Contract Law authored by John N. Hutson and Scott A. Miskimon to distinguish Roemer v. Preferred Roofing, Inc., 190 N.C. App. 813, 660 S.E.2d 920 (2008), the case which LP had argued established that a claim for damages for breach of express warranty is barred after the statute of repose has expired. See Doc. No. 47, at 4. Rejecting LP's contention, the Court stated that "Roemer is more properly read as holding that the remedy for breach of express warranty may be limited to specific performance if the remedy so provides and the statute of repose has expired." Id.

Whatever ambiguity Roemer may have left regarding whether the nature of the remedy set forth in the express warranty itself impacts application of the statute of repose now has been clarified by the July 16, 2013 opinion of the North Carolina Court of Appeals in Christie v. Hartley Construction, Inc., No. COA12-1385, 2013 N.C. App. LEXIS 759 (filed July 16, 2013), attached hereto as Exhibit 1. In Christie, the court held that a plaintiff whose action is not filed within the time set forth in the statute of repose has no cause of action for damages for breach of express warranty, even where the express warranty provides coverage for a longer period of time, and without regard to the nature of the remedy provided in the warranty. Id. at 8-10. In Christie, plaintiffs alleged that certain coating and waterproofing material, which defendants expressly warranted to last twenty years or more, had failed due to purported design defects, causing water intrusion affecting their home. Id. at 3-4. Plaintiffs filed their complaint, in which they sought damages against defendants in excess of $10,000.00, in October 2011, more than six years after the Certificate of Occupancy for their home was issued in March 2005. Id. at 4, 8.

4

The Court of Appeals affirmed the trial court's grant of summary judgment in favor of defendants due to expiration of the statute of repose, rejecting flatly plaintiffs' assertion that the twenty-year express warranty rendered their claims for damages timely.  Id. at 8-10.  In so doing, the court noted language in Roemer holding that a "[p]laintiff's remedy for breach of an alleged lifetime warranty claim that is 'brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement[,]' lies in specific performance, and not damages."  Id. at 9 (quoting Roemer, 190 N.C. App. at 817, 660 S.E.2d at 923).  Furthermore, as emphasized by the dissenting Judge, see Ex. 1, at 12, the majority opinion drew no distinction between express warranties that allow for recovery of damages and those that provide for specific performance as the sole remedy under the warranty.[2]  See generally Ex. 1.

Thus, based upon the undisputed material facts in this case and the Court of Appeals' decision in Christie, North Carolina law dictates that Plaintiffs may not recover from LP damages for breach of express warranty because their claims were brought after expiration of the six-year statute of repose, and LP is entitled to summary judgment.  Plaintiffs' homes were built with TrimBoard in 1999, 2000, and 2001 (the latest possible "date[s] of initial purchase for use or consumption" of the TrimBoard), which triggered the running of the statute of repose.  To be entitled to pursue damages for breach of express warranty, Plaintiffs were required to bring this action by no later than 2007, which they failed to do, not filing their initial Complaint until October 2008.  Therefore, the statute of repose bars Plaintiffs' claims for damages for breach of

---

[2] The court in Christie plainly rejected as making no difference in the application of the statute of repose the distinction drawn by plaintiffs and the dissenting Judge between the assumed "repair or replace" warranty in the Roemer case and the "full" or damages warranty provided in Christie and by LP here.  See Ex. 1, at 12.  The parties in Christie briefed fully that issue, including reference to this Court's November 19, 2009 Order denying LP's Motion for Judgment on the Pleadings and the treatise relied upon in that decision.  See generally Ex. 1.

express warranty – the only claim that Plaintiffs have pursued in this case and that was certified by this Court for class treatment – regardless of the nature of the remedy set forth in LP's express warranty for TrimBoard.  As the Court of Appeals observed in <u>Christie</u>, quoting <u>Roemer</u>: "[I]f the action is not brought within the specified period, the plaintiff literally has *no* cause of action. The harm that has been done is *damnum absque injuria* – a wrong for which the law affords no redress." <u>Id.</u> at 9.  Plaintiffs here simply have no cause of action at all against LP for breach of express warranty and, accordingly, no ability to challenge the limitations contained in LP's express warranty for TrimBoard by way of the affirmative defense of unconscionability or otherwise.[3]

## CONCLUSION

For the reasons stated herein, LP requests respectfully that this Court grant LP's Motion for Summary Judgment, holding as a matter of law based on the undisputed material facts that the six-year North Carolina statute of repose, as interpreted by the North Carolina Court of Appeals in <u>Christie</u>, bars Plaintiffs' claims for recovery of damages against LP for breach of express warranty.

---

[3] Because the alleged unconscionability of the terms and limitations contained in LP's express warranty for TrimBoard was found to establish the predicate of commonality and predominance necessary to maintain this case as a class action, <u>see</u> July 18, 2011 Order Certifying Class, Doc. No. 100, Plaintiffs' inability to pursue their theory of unconscionability because the statute of repose bars their breach of express warranty claim requires decertification.

E  HIBIT B

Respectfully submitted, this the 19th day of July, 2013.

/s/ Richard T. Boyette
Richard T. Boyette, NC Bar No. 7623
Meghan N. Knight, NC Bar No. 35384
Cranfill Sumner & Hartzog, LLP
P.O. Box 27808
Raleigh, NC 27611-7808
Tel: (919) 828-5100
Fax: (919) 863-2519
rtb@cshlaw.com

James E. Weatherholtz, Fed. Bar No. 7473
Womble Carlyle Sandridge & Rice, LLP
5 Exchange Street
P.O. Box 999
Charleston, SC 29402-0999
Tel: (843) 722-3400
Fax: (843) 722-7398
jweatherholtz@wcsr.com

John Parker Sweeney, Fed. Bar No. 8761
Bradley Arant Boult Cummings LLP
1615 L Street, N.W.
Suite 1350
Washington, D.C. 20036
Tel: (202) 719-8216
Fax: (202) 719-8316
jsweeney@babc.com

*Attorneys for Defendant Louisiana-Pacific Corp.*

7

E  HIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| GWEN HART, JOSEPH DRUTHER, LUCILLE DRUTHER, EDWARD WUELLNER, and JENNIFER WUELLNER, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | Civil Action No. 2:08-cv-00047-BO |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LOUISIANA-PACIFIC CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2013, a copy of the foregoing pleading, including all attachments and/or exhibits, was served upon all other parties to this action or their attorneys of record via the Court's CM/ECF system:

Daniel K. Bryson, Esq.
Scott C. Harris, Esq.
Whitfield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
dan@wbmllp.com
scott@wbmllp.com

Gary E. Mason, Esq.
Nicholas A. Migliaccio, Esq.
Charles A. Schneider, Esq.
Martha B. Schneider, Esq.
Whitfield Bryson & Mason, LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, DC 20036
gmason@wbmllp.com
nmigliaccio@wbmllp.com
cschneider@wbmllp.com
caslawdc@msn.com

Auley M. Crouch, III, Esq.
Christopher K. Behm, Esq.
Block Crouch Keeter Behm & Sayed, LLP
P.O. Box 4
Wilmington, NC 28402
acrouch@bcklawfirm.com
cbehm@bcklawfirm.com

Joel R. Rhine, Esq.
Rhine Law Firm, PC
314 Walnut Street, Suite 1000
Wilmington, NC 29401
jrr@lrlawfirm.com

Jordan L. Chaikin, Esq.
Parker Waichman LLP
3301 Bonita Beach Rd., Suite 101
Bonita Springs, FL 34134
jchaikin@yourlawyer.com

8

EXHIBIT B

Charles J. LaDuca, Esq.
Michael J. Flannery, Esq.
Cuneo Gilbert and LaDuca, LLP
300 North Tucker Blvd., Suite 801
St. Louis, MO 63101
charles@cuneolaw.com

*Attorneys for Plaintiffs*

*/s/ Richard T. Boyette*
Richard T. Boyette, NC Bar No. 7623
Meghan N. Knight, NC Bar No. 35384
Cranfill Sumner & Hartzog, LLP
P.O. Box 27808
Raleigh, NC 27611-7808
Tel: (919) 828-5100
Fax: (919) 863-3519
rtb@cshlaw.com

*Attorney for Defendant Louisiana-Pacific Corp.*

9

E  HIBIT B

# EXHIBIT 1

E  HIBIT B

NO. COA12-1385

NORTH CAROLINA COURT OF APPEALS

Filed: 16 July 2013

GEORGE CHRISTIE AND DEBORAH
CHRISTIE,
        Plaintiffs,

        v.                                    Orange County
                                              No. 11 CVS 2147
HARTLEY CONSTRUCTION, INC.;
GRAILCOAT WORLDWIDE, LLC; AND
GRAILCO, INC.,
        Defendants.


        Appeal by Plaintiffs from order entered 13 August 2012 by

Judge Gary E. Trawick in Orange County Superior Court.  Heard in

the Court of Appeals 10 April 2013.


        *Whitfield Bryson & Mason, LLP, by Daniel K. Bryson and
        Scott C. Harris, for plaintiff-appellants.*

        *Ragsdale Liggett PLLC, by William W. Pollock and Angela M.
        Allen, for defendant-appellee Hartley Construction, Inc.*

        *Conner Gwyn Schenck PLLC, by Andrew L. Chapin, for
        defendant-appellees Grailcoat Worldwide, LLC and GrailCo,
        Inc.*

        *North Carolina Advocates for Justice, by Jonathan McGirt
        and Law Offices of F. Bryan Brice, Jr., by Matthew D.
        Quinn, amicus curiae.*


        BRYANT, Judge.

E HIBIT B

-2-

Where the six-year statute of repose barred plaintiffs' action despite a twenty year express warranty, we affirm the order of the trial court.

### Facts and Procedural History

Plaintiffs George and Deborah Christie filed a complaint against defendants Hartley Construction, Inc., (Hartley), GrailCoat WorldWide, LLC, (GrailCoat), and GrailCo, Inc. (GrailCo) (GrailCoat & GrailCo, collectively referred to as "GrailCoat") on 31 October 2011. The complaint alleged that in 2004, plaintiffs entered into an agreement for Hartley to construct a custom home ("Residence") for plaintiffs in Chapel Hill, North Carolina. Plaintiffs alleged that GrailCoat made representations and express warranties to plaintiffs and Hartley that its "direct-applied exterior finish system" - a coating and waterproofing material applied over SIPs (structural insulated panels) – was "well-suited to use over [SIPS]," "waterproof," "does not crack," "is fully warranted," and could last forty or fifty years if maintained properly. Plaintiffs alleged that GrailCoat's website expressly warranted their product for twenty years.

Plaintiffs contend that because of the design of GrailCoat's product and installation instructions provided by

E  HIBIT B

-3-

GrailCoat, water had leaked in causing the walls of the Residence "to rot and delaminate, compromising the structural integrity of the Residence." Plaintiffs also alleged that GrailCoat's product was inherently defective and in violation of North Carolina Building Codes and applicable industry standards.

Plaintiffs filed the following claims against Hartley on 31 October 2011: breach of contract, breach of implied warranty, negligence/negligence *per se*, gross or willful and wanton negligence, and unfair and deceptive trade practices. Against GrailCoat, plaintiffs filed a claim of breach of express warranties, breach of implied warranties of merchantability and fitness for a particular purpose, negligence, and unfair and deceptive trade practices. Plaintiffs sought to recover damages against Hartley and GrailCoat in an amount in excess of $10,000.00.

Following the filing of the complaint, Hartley filed an answer on 3 January 2012. GrailCoat filed its answer on 6 January 2012, alleging affirmative defenses along with a motion to dismiss and a motion for judgment on the pleadings. On 18 April 2012, the trial court entered an order denying Hartley[1] and GrailCoat's motion to dismiss and motion on the pleadings.

---

[1] Hartley's motion to dismiss and motion on the pleadings is not

E HIBIT B

-4-

On 14 June 2012, Hartley filed a motion for summary judgment. Hartley's motion for summary judgment contended that "plaintiffs cannot forecast competent evidence of fraudulent or willful or wanton conduct, and therefore all claims of the plaintiffs are barred by North Carolina General Statute § 1-50(a)(5)[.]" On 19 June 2012, GrailCoat also filed a motion for summary judgment. On 9 July 2012, plaintiffs filed a motion for summary judgment against GrailCoat on plaintiffs' breach of express warranty claim.

Following a hearing at the 16 July 2012 session of Orange County Superior Court, the trial court entered an order on 13 August 2012: granting Hartley's motion for summary judgment as to all of plaintiffs' claims; granting GrailCoat's motion for summary judgment as to all plaintiffs' claims; denying plaintiffs' motion for summary judgment against GrailCoat on plaintiffs' breach of express warranty claim; and dismissing Plaintiffs' complaint with prejudice. From this order, plaintiffs appeal.

_____

Plaintiffs' sole issue on appeal is whether the trial court erred by granting summary judgment in favor of GrailCoat and

found in the record.

EXHIBIT B

-5-

GrailCo due to the expiration of the statute of repose.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. When considering a motion for summary judgment [t]he trial court must consider the evidence in the light most favorable to the non-moving party.

*Manecke v. Kurtz*, __ N.C. App. __, __, 731 S.E.2d 217, 220 (2012) (citations and quotations omitted). However,

> the movant has the burden of establishing that there are no genuine issues of material fact. The movant can meet the burden by either: (1) Proving that an essential element of the opposing party's claim is nonexistent; or (2) Showing through discovery that the opposing party cannot produce evidence sufficient to support an essential element of his claim nor [evidence] sufficient to surmount an affirmative defense to his claim.

*Fatta v. M&M Props. Mgmt.*, __ N.C. App. __ , __, 727 S.E.2d 595, 598 (2012) (citation omitted).

Here, the applicable statute of repose is set out in section 1-50(a)(5) of the North Carolina General Statutes, which states that

> [n]o action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from

E HIBIT B

-6-

> the later of the specific last act or
> omission of the defendant giving rise to the
> cause of action or substantial completion of
> the improvement.

N.C. Gen. Stat. § 1-50(a)(5). "A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." *Dawson v. N.C. Dep't of Env't & Natural Res.*, 204 N.C. App. 524, 528, 694 S.E.2d 427, 430 (2010) (citation omitted). "Whether a statute of repose has run is a question of law. Summary judgment is proper if the pleadings or proof show without contradiction that the statute of repose has expired." *Glens of Ironduff Prop. Owners Ass'n v. Daly*, __ N.C. App. __, __, 735 S.E.2d 445, 447 (2012) (citations omitted).

Plaintiffs allege that they entered into an agreement with Hartley for the construction of their home in August 2004 (Hartley states in its Answer that the date of the agreement was April 2004), during which time Hartley installed GrailCoat's products. The Certificate of Occupancy for the Residence was issued on 22 March 2005, indicating the last act or omission of defendants giving rise to the cause of action.

In order to file a timely action under the statute of repose, N.C. Gen. Stat. § 1-50(a)(5), plaintiffs would have had to bring their action within six years, by 22 March 2011.

-7-

Plaintiffs' complaint filed on 31 October 2011 was outside the statutory limit, and therefore, untimely. Plaintiffs argue, however, that GrailCoat made an express warranty of 20 years through their website, and therefore based on that warranty, their complaint is timely. We disagree.

Our Court's decision in *Roemer v. Preferred Roofing*, 190 N.C. App. 813, 660 S.E.2d 920 (2008), is instructive. In *Roemer*, on 23 November 1999, the plaintiff homeowner and the defendant roofing company entered into a contract to remove the existing roof on the plaintiff's home and replace it with a new roofing system which had an express lifetime warranty. *Id.* at 814, 660 S.E.2d at 922. "Several years after the project was completed, plaintiff discovered alleged defects with the roof including: (1) loose slate tiles; (2) separation of gutters from the house; and (3) rotten wood under the roof." *Id.* On 18 July 2007, seven years after "substantial completion of the improvement," the plaintiff filed a complaint against the defendant claiming negligence, breach of contract, and breach of warranty, and seeking compensatory damages in excess of $10,000.00. *Id.* The defendant moved to dismiss all of the plaintiff's claims, and the trial court dismissed plaintiff's

claim for damages or breach of warranty with prejudice based on the statute of repose. *Id.*

Our Court in *Roemer* upheld the trial court's ruling granting the defendant's motion to dismiss, and held that "[i]f the action is not brought within the specified period, the plaintiff literally has *no* cause of action. The harm that has been done is *damnum absque injuria* – a wrong for which the law affords no redress." *Id.* at 816, 660 S.E.2d at 923 (citation omitted). Furthermore, our Court noted that "[p]laintiff's remedy for breach of an alleged lifetime warranty claim that is 'brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement[,]' lies in specific performance, and not damages." *Id.* at 817, 660 S.E.2d at 923 (citations omitted).

In the present case, as in *Roemer*, defendant's last act or omission was more than six years before the action was brought. *Id.* at 814, 660 S.E.2d at 922. Despite an express lifetime warranty as in *Roemer*, or for twenty years as in the present case, a plaintiff whose action is not filed within the time set forth in the statute of repose has no cause of action for damages. *Id.* at 816, 660 S.E.2d at 923. Therefore, we hold

E HIBIT B

-9-

that plaintiffs' action is barred by the statute of repose set forth in N.C.G.S. § 1-50(a)(5). *See Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985) (noting the effect of the statute of repose albeit under a different statute, as "an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue[.]"). Accordingly, the trial court's order dismissing plaintiffs' complaint is affirmed.

Affirmed.

Judge MCCULLOUGH concurs.

Judge HUNTER, JR., Robert N., concurs in part and dissents in part by separate opinion.

E  HIBIT B

NO. COA12-1385

NORTH CAROLINA COURT OF APPEALS

Filed: 16 July 2013

GEORGE CHRISTIE AND DEBORAH
CHRISTIE,
     Plaintiffs,

     v.                                    Orange County
                                           No. 11 CVS 2147
HARTLEY CONSTRUCTION, INC.;
GRAILCOAT WORLDWIDE, LLC; AND
GRAILCO, INC.,
     Defendants.


     HUNTER, JR., Robert N., Judge, concurring in part and
dissenting in part.

     I agree with the majority that the trial court correctly
granted summary judgment on all claims against Hartley and the
claims against GrailCoat, with the exception of the breach of
express warranties claim.  I do not agree with the majority that
*Roemer v. Preferred Roofing*, 190 N.C. App. 813, 660 S.E.2d 920
(2008), together with the routine application of the requirement
that one panel of the court of appeals may not overrule another,
*In Re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37
(1989), dictates the result in this case regarding the breach of
warranty claim.  I would reverse on this claim.

     *Roemer* involved the application of a warranty "of the
dependability and reliability of the installation of [a] roof."

EXHIBIT B

-2-

190 N.C. App. at 814, 660 S.E.2d at 922. The opinion did not state the terms of the warranty and did not provide reasoning for why specific performance would be the sole remedy under those terms, so I would presume that the warranty in that case required specific performance.

The present case involves a "full warranty." It would be a paradoxical that the statute of repose would void all claims where the parties have contractually agreed to a period of remedy that exceeds the statute of repose. I would limit *Roemer* to its facts and hold that a full warranty which exceeds the time period for the statute of repose is a waiver of the statute for all claims. If, however, the contract between the parties limits the remedies in some express fashion, then claims brought beyond the statute of repose would be limited to specific contractual relief as in *Roemer*.

*Roemer* is a case of poor pleading. I believe my approach reconciles *Roemer* with the jurisprudence of our courts pre-*Roemer*. By its decision, the majority expands *Roemer* to void all claims, a result the *Roemer* case does not require. I find the logic of Judge Boyle's decision in the post-*Roemer* case of *Hart v. Louisiana-Pacific Corp.*, Order, No. 2:08-CV-47-BO (E.D.N.C. Nov. 19, 2009), to be persuasive as I do the

EXHIBIT B

-3-

assessment of the authors of North Carolina Contract Law § 16-7 (2009 Cum. Supp.).  To hold otherwise would unnecessarily impair the obligation of, and therefore the freedom to, contract.  For those reasons, I would reverse as to the breach of warranty claim against GrailCoat.

E HIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

GWEN HART, JOSEPH DRUTHER,        )      Civil Action No. 2:08-cv-00047-BO
LUCILLE DRUTHER, EDWARD           )
WUELLNER, and JENNIFER WUELLNER,  )
individually and on behalf of all others )
similarly situated,               )
                                  )
                  Plaintiffs,     )
                                  )
        v.                        )
                                  )
LOUISIANA-PACIFIC CORPORATION,    )
                                  )
                  Defendant.      )
                                  )

**DEFENDANT LOUISIANA-PACIFIC CORPORATION'S
REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(f), Defendant Louisiana-Pacific Corporation ("LP") submits

this Reply in Further Support of LP's Motion for Summary Judgment (Doc. No. 208).  In their

Opposition to LP's Motion (Doc. No. 211), Plaintiffs Gwen Hart, Joseph Druther, Lucille

Druther, Edward Wuellner, and Jennifer Wuellner ("Plaintiffs") make a last ditch effort to save

their claims, which are barred by the applicable statute of repose pursuant to the North Carolina

Court of Appeals' recent decision in Christie v. Hartley Construction, Inc., No. COA12-1385,

2013 N.C. App. LEXIS 759 (filed July 16, 2013).  In so doing, Plaintiffs seek to have this Court

overlook their long-running pursuit of damages in this action, stating now that "Plaintiffs solely

seek *reformation* of LP's Trimboard Warranty, followed by *specific performance* under it."

Opposition, Doc. No. 211, at 1.  Furthermore, Plaintiffs ignore well-settled case law in North

Carolina establishing that a warranty contract enforced through specific performance may not be

1

E  HIBIT C

reformed based on alleged unconscionability of its terms, as Plaintiffs seek in this case.  For the reasons stated herein, Plaintiffs' contentions fail, and this Court should grant LP's Motion.

## ARGUMENT

**I.    THROUGHOUT THE COURSE OF THIS LITIGATION, PLAINTIFFS HAVE SOUGHT RECOVERY OF DAMAGES, NOT SPECIFIC PERFORMANCE, AND THE STATUTE OF REPOSE BARS THEIR CLAIMS UNDER CHRISTIE.**

In another attempt to morph the nature of this case to avoid the inescapable conclusion that their claims for damages for breach of express warranty are barred by the applicable six-year statute of repose in accordance with Christie, Plaintiffs now posit that, "[i]n the case before this Court, the obvious nature of the relief sought by the Plaintiffs is reformation of the warranty followed by specific performance under the reformed warranty.  They are not seeking 'damages' as that term is used in *Christie*."  Id. at 5.  This contention simply is false.

It is beyond any degree of reasonable dispute that Plaintiffs' Amended Complaint seeks recovery of damages against LP.[1]  At Plaintiffs' urging, this Court recognized as much at its hearing on LP's Motion for Judgment on the Pleadings: "And the complaint seeks damages for—

---

[1] For example, in their Amended Complaint, Plaintiffs allege the following:

- "As a result of the defects in the trimboard, Plaintiffs and the Class have suffered **damages**, in that the trimboard has been installed on their homes or offices, either by them or by contractors, that they would not otherwise have wanted had they known of the defect."  Amended Complaint, Doc. No. 41, at ¶ 7 (emphasis added).
- "These common legal and factual issues include the following: . . . Whether Plaintiffs and the Proposed Class are entitled to compensatory **damages** . . . ."  Id. at ¶ 34(g) (emphasis added).
- "The limitations of **damages** contained in the express warranty provisions are harsh, oppressive and one-sided.  The limitations related to the amount of **damages** . . . are unconscionable . . . ."  Id. at ¶ 48 (emphasis added).
- "As a result of the foregoing, Plaintiffs and the members of the Proposed Class have suffered **damages** (in the form of, inter alia, out-of-pocket expenditures for replacement trimboard and/or installation of replacement trimboard) . . . ."  Id. at ¶ 65 (emphasis added).
- "Plaintiffs and members of the Proposed Class have incurred **damages** in an amount in excess of $10,000, to be established according to proof."  Id. at ¶ 66 (emphasis added).
- "WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, pray for a judgment against Defendant as follows: . . . For compensatory **damages** sustained by Plaintiffs and the Proposed Class . . . ."  Id. at p. 16 (emphasis added).

2

actual damages for the damage to the house and the loss of value . . . ." Transcript of Hearing on LP's Motion for Judgment on the Pleadings, Doc. No. 122, at 6:8 to 6:10.

Plaintiffs reiterated the nature of their damages claim in their Opposition to LP's Motion for Judgment on the Pleadings, in which they contended: "Therefore, the remedies of specific performance and monetary damages are clearly distinct and this Court should not order that Plaintiff should have sought specific performance when LP's express warranty provides that monetary damages are the 'sole remedy available.'" Plaintiffs' Opposition to LP's Motion for Judgment on the Pleadings, Doc. No. 31, at 13. Reflecting the position Plaintiffs had taken on this issue, in its Order denying LP's Motion for Judgment on the Pleadings, this Court held that, "[b]ecause the express warranty here provides that damages are the only remedy available, Plaintiff is not limited to specific performance as a remedy for her breach of warranty claims." Order, filed November 19, 2009, Doc. No. 47, at 4.

Perhaps most importantly, this action has been certified and noticed as a damages class per Plaintiffs' request, as reflected in the approved and published Notice of Class Action, which explains that "[t]his Court ruled on July 15, 2011 that this lawsuit may be maintained as a claim for **damages**, interest and costs on behalf of a class consisting of all persons in the State of North Carolina who own a home, office or other building in which LP's TrimBoard has been installed since October 22, 1998."[2] Plaintiffs' Unopposed Motion to Provide Notice to the Class, Doc. No. 137, Ex. 4, at 2 (emphasis added).

---

[2] The Notice likewise states that, "[b]y remaining a class member, any claims you have for **damages** or other relief against LP relating to its express warranty, and the limitations of liability in LP's warranty which Plaintiffs claim are not enforceable as asserted in this lawsuit, will be determined in this case and cannot be presented in any other proceeding or lawsuit." Plaintiffs' Unopposed Motion to Provide Notice to the Class, Doc. No. 137, Ex. 4, at 3 (emphasis added).

3

Plaintiffs confirmed most recently their pursuit of damages in their Motion for Approval of Trial Phasing, stating that their "**damages** would be determined by a jury based on the reformed Warranty" and that, "[i]f the Court reforms the express warranty, the Plaintiffs will seek to impanel a jury for the purposes of awarding **damages** to the named class representatives under the reformed express warranty." Plaintiffs' Motion for Approval of Trial Phasing, Doc. No. 199, at 1, 3 (emphasis added).

Based on the foregoing, it is apparent that, from the outset, Plaintiffs have sought to recover damages against LP here. Regardless of whether Plaintiffs sought to recover compensatory damages or the monetary remedy set forth in the LP Warranty by way of specific performance, however, there is no support in Christie that would countenance the distinction Plaintiffs seek to draw between the term "damages" as used in Christie and the "damages" referred to by Plaintiffs throughout this litigation. As LP explained in its Motion, Christie stands for the simple proposition that a plaintiff may not recover damages for breach of express warranty (as Plaintiffs have pursued here) where such claim is brought after expiration of the statute of repose, even where the underlying warranty giving rise to the claim sets forth a longer period of coverage, and without regard to the nature of the remedy provided in the warranty. See Memorandum in Support of Motion for Summary Judgment, Doc. No. 209, at 4-5.

Accordingly, as explained in LP's Motion, the six-year statute of repose bars the claims pursued by Plaintiffs in this action under the North Carolina Court of Appeals' decision in Christie. This Court should reject Plaintiffs' current effort to backtrack from their consistent litigation strategy simply to salvage claims that plainly are barred by the statute of repose.

E  HIBIT C

## II.  A WARRANTY ENFORCED THROUGH SPECIFIC PERFORMANCE MAY NOT BE REFORMED NOR IS IT SUBJECT TO CHALLENGE FOR UNCONSCIONABILITY.

Under their newly-devised theory of recovery in this case, Plaintiffs ask this Court first to reform the LP Warranty to eliminate certain limitations alleged by Plaintiffs to be unconscionable and then order specific performance by LP in accordance with this reformed warranty.  Permitting this theory to proceed, however, would contradict well-established North Carolina law defining the contours of the doctrine of specific performance.

As the North Carolina courts have observed repeatedly, specific performance is an equitable remedy of ancient origin whose sole function is to compel a party to do precisely what he ought to have done without being coerced by the court.  Rape v. Lyerly, 287 N.C. 601, 622, 215 S.E.2d 737, 750 (1975); McLean v. Keith, 236 N.C. 59, 71, 72 S.E.2d 44, 53 (1952); Williams v. Habul, __ N.C. App. __, __, 724 S.E.2d 104, 110 (2012); McKinnon v. CV Indus., Inc., __ N.C. App. __, __, 713 S.E.2d 495, 500 (2011); Kniep v. Templeton, 185 N.C. App. 622, 631, 649 S.E.2d 425, 432 (2007).  In other words, specific performance is used to compel a party to meet its contractual obligations; it is not used to rewrite a contract or to create new contractual duties.  Kniep, 185 N.C. App. at 631, 649 S.E.2d at 432.

Thus, if the language of a contract is clear and free from ambiguity, the courts must enforce the contract as written and cannot, under the guise of interpretation, rewrite the contract or impose terms on the parties not bargained for and found within the contract.  See Harris v. Upham, 244 N.C. 477, 478, 94 S.E.2d 370, 372 (1956) ("A decree of specific performance of a contract to convey land goes no further than to operate on the land and on the parties to the extent necessary to carry out that contract."); McLean, 236 N.C. at 71, 72 S.E.2d at 53 ("Equity can only compel the performance of a contract in the precise terms agreed on.  It cannot make a

5

E  HIBIT C

new or different contact for the parties simply because the one made by the parties proves ineffectual."); <u>Williams</u>, __ N.C. App. at __, 724 S.E.2d at 111 ("An order of specific performance is intended to produce as nearly as is practicable the same effect that the performance due under a contract would have produced.").  In fact, the appellate courts have gone so far as to observe that "it is reversible error if the 'trial court's order enforcing the agreement does not accurately reflect the terms to which the parties agreed.'"  <u>Kniep</u>, 185 N.C. App. at 632, 649 S.E.2d at 432.

Accordingly, under the doctrine of specific performance, Plaintiffs may not recover more than that which they are entitled to recover under the express terms and limitations of the LP Warranty, namely, two times the purchase price of covered, non-performing TrimBoard.  North Carolina law flatly rejects any attempt to impose upon a party a burden above and beyond what appears in the plain language of a contract under the guise of specific performance.  This Court should do likewise, holding that, in their pursuit of the remedy of specific performance, Plaintiffs may not challenge the viability of the terms and limitations contained in the LP Warranty as unconscionable or otherwise invalid,[3] and that the extent of Plaintiffs' potential recovery in this case is limited absolutely to the remedy provided in the LP Warranty.[4]

---

[3] Although a court properly can order specific performance of only part of a contract if it deems another portion unworkable and specific performance may not be obtained when a contract is unfairly procured by overreaching, induced by means of oppression, or is harsh or unjust, these exceptions serve only to protect the party against whom specific performance is sought, in this case LP.  <u>See</u> <u>Cavenaugh v. Cavenaugh</u>, 317 N.C. 652, 657, 347 S.E.2d 19, 23 (1986); <u>Harris v. Harris</u>, 307 N.C. 684, 688, 300 S.E.2d 369, 372 (1983); <u>Hutchins v. Honeycutt</u>, 286 N.C. 314, 318-19, 210 S.E.2d 254, 257 (1974).

[4] Furthermore, North Carolina law requires that a party seeking to recover in specific performance first establish that the defending party has breached its duties imposed by the underlying contract.  <u>McLean</u>, 236 N.C. at 71-72, 72 S.E.2d at 53.  Here, LP has performed fully all of its obligations under the LP Warranty by way of the warranty offers made by LP to Plaintiffs; thus, Plaintiffs are unable to establish that LP has breached the LP Warranty in any fashion, and, therefore, they are unable to pursue a claim for specific performance at all.

6

E  HIBIT C

## III.   ONLY PLAINTIFF HART HAS PLED A CAUSE OF ACTION FOR SPECIFIC PERFORMANCE; SPECIFIC PERFORMANCE HAS NOT BEEN PLED ON BEHALF OF THE DRUTHER OR WUELLNER PLAINTIFFS OR THE CLASS.

Plaintiffs' attempt to recharacterize their claims as purely focused on obtaining specific performance from LP under a reformed warranty further are undermined by the fact that the "Specific Performance" cause of action in their Amended Complaint states a claim only on behalf of Plaintiff Hart.  Specifically, the only allegations contained in this claim, which were not included in Plaintiff Hart's original Complaint, are as follows:

> 67.   The allegations contained in the foregoing paragraphs are incorporated herein by reference as if fully set forth.
>
> 68.   ABTCO's express warranty specifically provides that **Plaintiff's** "sole remedy available for breach of this warranty" is for LP to pay an amount equal to the cost of replacing any failed TrimBoard.
>
> 69.   ABTCO did not offer to pay **Plaintiff Hart** for 100% of the costs associated with the removal of the defective trimboard and installation of replacement trimboard.
>
> 70.   ABTCO's failure to pay for 100% of the costs associated with the removal of the defective trimboard and installation of new, non-defective trimboard constitutes a breach of express warranty.
>
> 71.   Because ABTCO's warranty provides that monetary damages are the sole available remedy, it therefore should be ordered, under the doctrine of specific performance, to honor the terms of its warranty.

Amended Complaint, Doc. No. 41, at ¶¶ 67-71 (emphasis added).  Plaintiffs make no allegations providing a basis to award specific performance with regard to the Druther or Wuellner Plaintiffs or the Class Members.  See generally id.  Thus, to the extent Plaintiffs now pursue only specific performance from LP, such recovery may be had only by Plaintiff Hart (if at all) based on the

7

E  HIBIT C

allegations set forth in the Amended Complaint, and this Court should find that the Druther and Wuellner Plaintiffs and the Class Members have not asserted claims for specific performance.[5]

In light of Plaintiffs' abandonment of any claim for damages and reliance solely upon the doctrine of specific performance, coupled with the absence of any cause of action for specific performance brought on behalf of the Class Members, this action apparently no longer seeks classwide relief; accordingly, this Court should order that the class be decertified. Furthermore, it is difficult to imagine a claim involving more "highly individualized" issues than one for specific performance, which would require a detailed inquiry into the amount of damaged TrimBoard on each Class Member's home, the cause of such damage, and whether LP's warranty offer was consistent with the terms of the LP Warranty.

## IV.    PLAINTIFFS HAVE SET FORTH NO GROUNDS UPON WHICH THIS COURT CAN OVERLOOK THE CLEAR IMPORT OF THE CHRISTIE DECISION.

For the reasons set forth in LP's Memorandum in Support of its Motion, Plaintiffs' claims are barred by the applicable statute of repose in accordance with Christie. Plaintiffs' remaining desperate attempt to evade the impact of Christie on this case by suggesting that this Court need not abide by its holding should be rejected by this Court.

In arguing that Christie does not bind this Court, Plaintiffs submit that Christie was decided improperly because it overruled the holding reached by a different panel of the North Carolina Court of Appeals in Roemer v. Preferred Roofing, Inc., 190 N.C. App. 813, 660 S.E.2d 920 (2008). Beyond the simple fact that it is well beyond this Court's authority to rule that the Christie court violated the tenet of North Carolina state practice that a panel of the Court of

---

[5] Because Plaintiff Hart already has replaced every piece of TrimBoard on her home, her only claim would be for damages in the amount of the cost of replacement, rendering specious Plaintiffs' efforts to characterize their specific performance claim as something other than a claim for money damages, and underscoring the individual nature of specific performance that makes that claim inappropriate for class treatment.

8

Appeals generally is bound by the decision of a prior panel on the same issue reached in a different case, see Opposition, Doc. No. 211, at 8, the opinion in Christie simply is not in conflict with Roemer.  Plaintiffs even unwittingly admit as much, stating in their Opposition that "[t]he *Christie* court held only that plaintiffs had no cause of action for *damages*, **based on** an earlier case that held a plaintiff could only bring suit for specific performance, *Roemer v. Preferred Roofing*, 190 N.C. App. 813, 660 S.E.2d 920 (2008)." Id. at 5 (emphasis added).  Rather, as LP explained in its Memorandum in Support of its Motion, Roemer merely left open the question of whether the nature of the remedy set forth in the express warranty itself impacts application of the statute of repose, a question settled by the court in Christie.  See Memorandum in Support of Motion for Summary Judgment, Doc. No. 209, at 4-5.  Plaintiffs have provided no rational basis upon which this Court may disregard the holding in Christie[6]; thus, this Court should follow Christie in accordance with its duty to predict how the North Carolina Supreme Court would decide the issue, utilizing intermediate appellate court decisions as persuasive authority.[7]  See Comm'r v. Estate of Bosch, 387 U.S. 456, 465 (explaining that, where no controlling decision by

---

[6] In fact, and perhaps tellingly, although Plaintiffs contend that "the *Christie* panel cannot overrule the *Roemer* panel, and, to the extent *Christie* purports to announce a new rule of law that conflicts with the earlier *Roemer* decision, it may not do so," Opposition, at 8, Plaintiffs at no point actually explain the purported conflict between the two decisions.

[7] Christie and Roemer are consistent with a long line of decisions of the North Carolina Court of Appeals in cases involving application of statutes of repose in which certain of Plaintiffs' counsel appeared (Plaintiffs' counsel also appeared in the Christie case on behalf of the plaintiffs).  See Boor v. Spectrum Homes, Inc., 196 N.C. App. 699, 675 S.E.2d 712 (2009); Whitehurst v. Hurst Built, Inc., 156 N.C. App. 650, 577 S.E.2d 168 (2003); Henderson v. Park Homes, Inc., 147 N.C. App. 500, 555 S.E.2d 926 (2001); and Cacha v. Montaco, Inc., 147 N.C. App. 21, 554 S.E.2d 388 (2001). In all but Boor, Plaintiffs' counsel sought unsuccessfully to avoid the impact of the statutes of repose to bar the claims asserted.  And in Boor, Plaintiffs' counsel actually represented the homebuilder, who successfully sought to uphold summary judgment granted in its favor because the plaintiff homeowners filed their claims for breach of implied and express warranty, negligence, and unfair and deceptive trade practices seven years after the date of substantial completion of the home, outside the six-year statute of repose.  See Boor, 196 N.C. App. at 702, 675 S.E.2d at 714-15.  See also Defendant-Appellees' Brief in Boor, attached hereto as Exhibit 1, at 14 ("[A]s the foregoing case law plainly indicates, the statute of repose is an unyielding barrier to *any* action and had plainly lapsed many months before this action was filed."); id. at 15-16 ("The express warranty *specifically excludes* the problems alleged by Plaintiffs. . . . Therefore, even if this Court holds that Plaintiffs' express warranty claim is timely, then the provisions of the express warranty should be enforced and Plaintiffs' claim should be denied.").

E HIBIT C

a state's highest court exists, a federal court must apply what it "find[s] to be the state law after giving 'proper regard' to relevant rulings of other courts of the State"); West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.").

## **CONCLUSION**

For the reasons stated herein and in LP's Memorandum in Support of its Motion, LP requests respectfully that this Court hold as a matter of law based on the undisputed material facts that the six-year North Carolina statute of repose, as interpreted by the North Carolina Court of Appeals in Christie, bars Plaintiffs' claims for recovery of damages against LP for breach of express warranty, and that Plaintiffs' remedy is limited to specific performance of the LP Warranty as written, subject to its terms and limitations.

Respectfully submitted, this the 5th day of August, 2013.

*/s/ Richard T. Boyette*

| | |
|---|---|
| Richard T. Boyette, NC Bar No. 7623 | John Parker Sweeney, Fed. Bar No. 8761 |
| Meghan N. Knight, NC Bar No. 35384 | Bradley Arant Boult Cummings LLP |
| Cranfill Sumner & Hartzog, LLP | 1615 L Street, N.W. |
| P.O. Box 27808 | Suite 1350 |
| Raleigh, NC 27611-7808 | Washington, D.C. 20036 |
| Tel: (919) 828-5100 | Tel: (202) 719-8216 |
| Fax: (919) 863-2519 | Fax: (202) 719-8316 |
| rtb@cshlaw.com | jsweeney@babc.com |

James E. Weatherholtz, Fed. Bar No. 7473
Womble Carlyle Sandridge & Rice, LLP
5 Exchange Street
P.O. Box 999
Charleston, SC 29402-0999
Tel: (843) 722-3400
Fax: (843) 722-7398                          *Attorneys for Defendant*
jweatherholtz@wcsr.com                     *Louisiana-Pacific Corp.*

10

E  HIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| GWEN HART, JOSEPH DRUTHER, LUCILLE DRUTHER, EDWARD WUELLNER, and JENNIFER WUELLNER, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LOUISIANA-PACIFIC CORPORATION, | ) ) |
| Defendant. | ) ) ) |

Civil Action No. 2:08-cv-00047-BO

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013, a copy of the foregoing pleading, including all

attachments and/or exhibits, was served upon all other parties to this action or their attorneys of

record via the Court's CM/ECF system:

Daniel K. Bryson, Esq.
Scott C. Harris, Esq.
Whitfield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
dan@wbmllp.com
scott@wbmllp.com

Gary E. Mason, Esq.
Nicholas A. Migliaccio, Esq.
Charles A. Schneider, Esq.
Martha B. Schneider, Esq.
Whitfield Bryson & Mason, LLP
1625 Massachusetts Ave., NW, Suite 605
Washington, DC 20036
gmason@wbmllp.com
nmigliaccio@wbmllp.com
cschneider@wbmllp.com
caslawdc@msn.com

Auley M. Crouch, III, Esq.
Christopher K. Behm, Esq.
Block Crouch Keeter Behm & Sayed, LLP
P.O. Box 4
Wilmington, NC 28402
acrouch@bcklawfirm.com
cbehm@bcklawfirm.com

Joel R. Rhine, Esq.
Rhine Law Firm, PC
314 Walnut Street, Suite 1000
Wilmington, NC 29401
jrr@lrlawfirm.com

Jordan L. Chaikin, Esq.
Parker Waichman LLP
3301 Bonita Beach Rd., Suite 101
Bonita Springs, FL 34134
jchaikin@yourlawyer.com

11

E HIBIT C

Charles J. LaDuca, Esq.
Michael J. Flannery, Esq.
Cuneo Gilbert and LaDuca, LLP
300 North Tucker Blvd., Suite 801
St. Louis, MO 63101
charles@cuneolaw.com

*Attorneys for Plaintiffs*

/s/ Richard T. Boyette
Richard T. Boyette, NC Bar No. 7623
Meghan N. Knight, NC Bar No. 35384
Cranfill Sumner & Hartzog, LLP
P.O. Box 27808
Raleigh, NC 27611-7808
Tel: (919) 828-5100
Fax: (919) 863-3519
rtb@cshlaw.com

*Attorney for Defendant Louisiana-Pacific Corp.*

12

# EXHIBIT 1

E  HIBIT C

No.COA08-888                                    THIRTY-B DISTRICT

NORTH CAROLINA COURT OF APPEALS

*******************************

PETER T. BOOR and wife,            )
LINDA J. BOOR,                     )
                                   )
          Plaintiffs,              )
                                   )        From Wake County
     v.                            )        No. 07 CVS 9217
                                   )
SPECTRUM HOMES, INC., a North      )
Carolina Corporation,              )
                                   )
          Defendant.               )

*******************************

DEFENDANT-APPELLEES' BRIEF

*******************************

E  HIBIT C

## INDEX

Table of Cases and Authorities  ........................... iii

Questions Presented  .......................................... 1

Statement of the Case  ....................................... 2

Statement of the Facts  ...................................... 3

Argument  .................................................... 5

I.   THE TRIAL COURT PROPERLY GRANTED
SUMMARY JUDGMENT IN FAVOR OF SPECTRUM
BECAUSE THERE ARE NO GENUINE ISSUES
OF MATERIAL FACT  ..........................................   5

Conclusion ................................................. 15

Certificate of Service ..................................... 16

E  HIBIT C

## TABLE OF CASES AND AUTHORITIES

### Cases:

*Bentley Machinery, Inc., v. Pons Hosiery, Inc.,*
33 N.C. App. 482, 235 S.E.2d 790, (1977) .................... 14

*Brown v. Scism,*
50 N.C. App. 619, 623, 274 S.E.2d 897, 899,
*disc. review denied,* 302 N.C. 396,
276 S.E.2d 919 (1981) ...................................... *11*

*Cantrell v. Woodhill Enterprises,*
273 N.C. 490, 160 S.E.2d 476 (1968) .................... 11, 12

*Colony Hill Condominium I Ass'n v. Colony Co.,*
*70 N.C.App. 390, 396, 320 S.E.2d 273, 277 (1984)* ........ 9, 10

*Lowe v. Bradford,*
305, N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982)
quoting N. C. Gen. Stat. § 1A-1, Rule 56(e)) ............. 6, 13

*Mauney v. Luziers, Inc.,*
215 N.C. 673, 2 S.E.2d 888 (1939) ......................... 14

*Moore v. F. Douglas Biddy Construction, Inc.,*
161 N.C. App. Ct. 87, 587 S.E. 2d 479 (2003) .............. 7, 8

*Roumillat v. Simplistic Enterprises, Inc.,*
331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) ................. 5

*Toole v. State Farm Mut. Auto. Ins. Co.,*
127 N.C. App. 291, 294, 488 S.E.2d 833, 835 (1997) ........... 5

*Wyatt v. Equipment Co.,*
253 N.C. 355, 358, 117 S.E.2d 21, 24, (1960) ............... 11

### North Carolina General Statues:

N.C. Gen. Sat. § 1A-1, Rule 56 (c) (2007) .................... 5

N. C. Gen. Stat. § 1A-1, Rule 56(e) ......................... 6

NC Gen. Stat. §1-50(a) (2007) ............................ 6, 10

N.C. Gen. Stat. § 1-50(5) ................................... 6

E  HIBIT C

N.C. Gen. Stat. §1-50(a)(5) (2007) .......................... 7

N.C. Gen. Stat. § 1-50(a) (b) ............................... 8

### **Miscellaneous:**

N.C. R. Civ. P. 56 (c) ...................................... 5

E  HIBIT C

## QUESTIONS PRESENTED

I.   Whether  the  trial  court  properly  dismissed  an  action brought  against  a  home  builder  because  there  was  no  genuine issue of material fact?

E HIBIT C

## STATEMENT OF THE CASE

Plaintiffs Peter T. and Linda Boor ("Plaintiffs") commenced this action in Wake County Superior Court on June 11, 2007, purporting to state claims for breach of express warranty, breach of implied warranty of habitability, unfair and deceptive trade practices, and negligence *per se*. R. pp. 6-9. Spectrum Homes, Inc. ("Spectrum") filed their Answer and Motion to Dismiss on August 6, 2007, denying the allegations in the Complaint. R. pp. 10-16. On December 17, 2007, Spectrum filed a Motion for Summary Judgment pursuant to N.C. R. Civ. P. Rule 56. *Id*. at pp. 18-20.

Spectrum's Motion came for hearing at the April 15, 2008 civil session of the Superior Court for Wake County before the Honorable Michael R. Morgan. *Id*. at pp. 127-128. By Order filed April 28, 2008, the Court granted Spectrum's Motion dismissing each of Plaintiffs' claim because there was no genuine issue of material fact. *Id*. Plaintiffs timely filed a Notice of Appeal on May 28, 2008. *Id*. at pp. 129-130. The Record on Appeal was settled by stipulation on July 22, 2008 and timely filed with the Court of Appeals on July 29, 2008 and docketed on August 5, 2008.

E HIBIT C

## STATEMENT OF THE FACTS

On June 7, 1999, Evergreen Construction, Inc. ("Evergreen"), an affiliate of Spectrum, received a building permit from Wake County to construct a home at 1809 Kenwyck Manor Way, Raleigh, North Carolina, 27612 ("the Property"). *Id.* at p. 22. On May 18, 2000, the City of Raleigh Inspections Department issued a certificate of occupancy for the Property stating that the work performed under the permit had been found to be in substantial compliance with the applicable building codes. *Id.* On April 4, 2001, Spectrum entered into a contract for the sale of the Property with G. Stephen Martin and Rebecca Martin ("the Martins"). On June 12, 2001, Spectrum's sale of the Property to the Martins was finalized, and the Martins received the deed. *Id.* at pp. 22-23.

At the closing, Spectrum provided the Martins with a Limited Warranty stating that the home would be free from major structural defects from six years from the date of the Martins' purchase of the Property. R. at pp. 36-37. The Limited Warranty defined a major structural defect as physical damage to load bearing portions of the home which affects the load-bearing functions to the extent that the home becomes unsafe, unsanitary or otherwise unlivable. R. at p. 37. The Limited Warranty specifically excluded damage to non-load bearing elements of the

home. R. at. p. 64. The Limited Warranty further stated that defects in dry wall and plaster; exterior siding; and brick, stone or stucco veneer do not constitute a major structural defect. R. at pp. 64-65.

On October 20, 2006, the Plaintiffs purchased the Property from the Martins. *Id.* at p. 23. Seven years and one month after the certificate of occupancy was issued, on or about June 11, 2007, Plaintiffs filed a complaint against Spectrum. *Id.* Plaintiffs alleged that the stone masonry on the exterior of the home allowed moisture into the home. R. at p. 4. However, the allegations in Plaintiffs' Complaint regarding a breach of express warranty are not a major structural defect as defined by the Limited Warranty, and Spectrum had no duty to repair Plaintiffs' alleged problems. R. at pp. 31-32.

On December 17, 2007, Spectrum filed its Motion for Summary Judgment. Spectrum's Motion was heard before the Court on April 15, 2008. By Order dated April, 28, 2008, after reviewing and considering the pleadings, Spectrum's Motion for Summary Judgment, Spectrum's Memorandum in Support of its Motion for Summary Judgment (with attached affidavits and exhibits), Plaintiffs' Memorandum in Opposition to Spectrums' Motion for Summary Judgment (with attached affidavits and exhibits), all affidavits filed by the parties, the relevant statutory case

law, and the arguments made by the parties, the Trial Court found that there was no genuine issue as to any material fact and granted Spectrum's Motion for Summary Judgment. R. pp. 127-28.

## ARGUMENT

**THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF SPECTRUM BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT**

### A.   Standard for Summary Judgment

A defendant must prevail on a motion for summary judgment if it can demonstrate that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the plaintiff's claims fail as a matter of law. N.C. R. Civ. P. 56 (c), N.C. Gen. Sat. § 1A-1, Rule 56 (c) (2007); *Toole v. State Farm Mut. Auto. Ins. Co.*, 127 N.C. App. 291, 294, 488 S.E.2d 833, 835 (1997). The moving defendant may meet its burden by proving that an essential element of the plaintiff's claim is non-existent, or by showing through discovery that the plaintiff cannot produce evidence to support an essential element of her claim. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). "If the moving party satisfies its burden of proof, then the burden shifts to the non-moving party to 'set forth *specific facts* showing that there is a genuine issue for

trial[,]'" or, alternatively, must produce an excuse for not doing so. *Lowe v. Bradford*, 305, N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982) (quoting N. C. Gen. Stat. § 1A-1, Rule 56(e))(emphasis added). "The nonmoving party 'may not rest upon the mere allegations of his pleadings.'" *Id.* at 370, 289 S.E.2d at 366. (quoting N. C. Gen. Stat. § 1A-1, Rule 56(e)). Thus where, the moving party by affidavit or otherwise presents materials in support of his motion, it becomes incumbent upon the opposing party to take affirmative steps to defend his position by proof of his own. If he rests upon the mere allegations or denial of his pleading, he does so at the risk of having judgment entered against him. *Id.*

**B.    The Trial Court's April 28, 2008 Order Properly Concluded Plaintiffs' Claims Are Time-Barred By the Six-Year Statute of Repose**

The trial court granted Spectrum's Motion for Summary Judgment based upon N.C. Gen. Stat. § 1-50(5) the "statute of repose" applicable to claims involving improvements to real property, which states in pertinent part as follows:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real Property shall be brought more than six (6) years from the latter of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.  NC Gen. Stat. §1-50(a) (2007).

E HIBIT C

The statute defines "substantial completion" as "that degree of completion" of the Property, improvement, or specified area or portion thereof "in accordance with the contract, as modified by any change orders agreed to by parties upon obtainment of which the owner can use the same for the purpose for which it was intended." N.C. Gen. Stat. §1-50(a)(5) (2007).

In *Moore v. F. Douglas Biddy Construction, Inc.*, 161 N.C. App. Ct. 87, 587 S.E. 2d 479 2003), the Court of Appeals held that for purposes of determining when the statute of repose for construction defect actions begins to run, a house is substantially completed when it can be used for its intended purposes as a residence. The Court stated that the plaintiffs' claim was barred because the plaintiffs filed their action more than six years after the Certificate of Compliance was issued, even though the defendant had made subsequent repairs. *Id.*

This statute of repose applies to Plaintiffs' claims against Spectrum because each of Plaintiffs' claims (breach of express warranty, breach of implied warranty, unfair and deceptive acts and practices, and negligence *per se*) arise from and are related to allegedly defective construction of the Property. As stated herein, Plaintiffs filed their complaint against Spectrum on June 11, 2007. Therefore, under the statute of repose, Plaintiffs have the burden to prove that the date of

# E HIBIT C

substantial completion of the Property occurred on or after June 11, 2001. *Moore v. F. Douglas Biddy Construction, Inc.*, 161 N.C. App. Ct. 87, 587 S.E. 2d 479 (2003). Plaintiffs, however, cannot satisfy their burden.

Here, as discussed above, the City of Raleigh, Inspections Department, issued a Certificate of Occupancy for the Property on May 18, 2000 stating that "work performed under this permit has been found to be in substantial compliance with the applicable building codes." R. at pp. 31-32. Therefore, the undisputed evidence in this case establishes that the date of substantial completion for the Property was May 18, 2000.

Accordingly, Plaintiffs' claims would only be appropriately asserted if filed within six years of the issuance of the certificate of occupancy. Plaintiffs' Complaint alleges no act by Spectrum after May 18, 2000. Plaintiffs' Complaint was filed on June 11, 2007. The filing date was more than seven years after the date of substantial completion of the Property. Pursuant to the provisions of N.C. Gen. Stat. § 1-50(a) (b), as well as the Court of Appeals' decision in *Moore v. F. Douglas Biddy Construction, Inc.*, 161 N.C. App. Ct. 87, 587 S.E. 2d 479 (2003), the North Carolina statute of repose applies and acts as a bar to all of Plaintiffs' claim against Spectrum. The Trial Court correctly applied the six-year statute of repose to these

facts and concluded that Plaintiffs could not have commenced their action later than May 18, 2006.

## C. Spectrum's Express Warranty Does Not Make Plaintiffs' Action Timely

As discussed above, Spectrum issued an express warranty with a "commencement date" of June 12, 2001. Plaintiff obviously sought to file this action within six years of this date when the action was filed on June 11, 2007- one day short of the perceived six year statute of repose. However, as the foregoing case law plainly indicates, the statute of repose is an unyielding barrier to *any* action and had plainly lapsed many months before this action was filed. (emphasis added). Accordingly, Plaintiffs' breach of express warranty should be dismissed.

In *Colony Hill Condominium I Ass'n v. Colony Co.*, *70 N.C.App. 390, 396, 320 S.E.2d 273, 277 (1984)*, the Court of Appeals applied what is now section 1- 50(a)(6) to bar claims of breach of warranties, negligence, and failure to warn brought against a manufacturer. The Court of Appeals stated that "[t]he generality of the language in Section 1-50(6) [now 1-50(a)(6)] indicates that the legislature intended to cover the multiplicity of claims that can arise out of a defective product." *Id.*

E HIBIT C

As stated in NC Gen. Stat. §1-50(a) (2007), "No action to recover damages" arising out of "the defective and unsafe condition" of the home construction can be commenced more than six years after substantial completion.   As stated above, Plaintiffs' complaint was filed more than six years after substantial completion.   Therefore, even though Plaintiffs may allege that their claim regarding the express warranty was still applicable at the time they filed their complaint, the statute and *Colony Hill Condominium I Ass'n* bar *any* action filed more than six years after "substantial completion" even Plaintiffs' breach of express warranty claim.

**D.    Even if this Court were to hold that Plaintiffs' Express Warranty claim is timely, the Trial Court properly concluded that there are no genuine issue of material fact that the Express Warranty covered the claims alleged by Plaintiffs.**

If this Court were to determine that Plaintiffs' breach of express warranty claim is timely by one day, it still must be dismissed because the undisputed evidence and affidavits affirm that the problems alleged by Plaintiffs are not within the express written terms of the warranty.   R. at 31-32.   The express warranty ***specifically excludes*** the problems alleged by Plaintiffs.   *Id.*   Therefore, even if this Court holds that Plaintiffs' express warranty claim is timely, then the

provisions of the express warranty should be enforced and Plaintiffs' claim should be denied.

An express warranty is contractual in nature, *Wyatt v. Equipment Co.*, 253 N.C. 355, 358, 117 S.E.2d 21, 24, (1960), and its terms are therefore construed in accordance with their plain meaning, *Brown v. Scism*, 50 N.C. App. 619, 623, 274 S.E.2d 897, 899, *disc. review denied*, 302 N.C. 396, 276 S.E.2d 919 (1981).

The effect of the contractual nature of an express contract is illustrated by *Cantrell v. Woodhill Enterprises*, 273 N.C. 490, 160 S.E.2d 476 (1968). In *Cantrell*, the plaintiffs alleged, that the defendant breached its contract because it failed to construct the house according to specifications contracted for in the express contract. The court stated that "[t]he express contract upon which the plaintiffs sued consists of the plans and specification, which plaintiffs and defendant signed and the Veteran's Administration approved." *Id*. at 495. The court found that "[t]his agreement is conclusive as to the terms of the bargain." *Id*. With regard to what evidence was presented of breach, the court found that "[t]he evidence of plaintiffs and defendant shows that the house was constructed in conformity with the plans and specifications signed by the parties and approved by the Veterans' Administration. Thus, plaintiffs failed to establish their allegations that the

E HIBIT C

residence was not constructed in accordance with the plans and specifications." *Id.* at 495-6.  The Court found that this claim was properly nonsuited.

As in *Cantrell*, Plaintiffs presented no evidence that a violation of the express warranty occurred.  Spectrum, however, provided undisputed evidence that Plaintiffs' claim was excluded by the express warranty.  R. at 31-31.  Since there is no evidence of a violation, the claim in the case at hand should be dismissed, as in *Cantrell*.  The express warranty provided by Spectrum to the Martins was the product of their contract extending additional protections that the Martins and Plaintiffs would not ordinarily receive from the warranty implied in law, i.e. the implied warranty of habitability.  The express warranty gave protection from certain defects for up to six years from the date the warranty was provided.

However, the express warranty did not provide that Spectrum was responsible for every defect in the Property within the six year period such as the defects Plaintiffs requested to be repaired.  *Id.*  Rather the warranty only applied to defects which involved "actual physical damage to those load bearing elements of the [Property] that would cause it to become unsafe or otherwise unlivable." R. at p. 37.  The warranty even listed the load bearing portions covered:  foundation systems and

footings, beams, girders, lintels, columns, walls and partitions, floor systems, and roof framing systems. *Id.* Further, the warranty excluded dry wall and plaster, exterior siding, and brick, stone or stucco veneer. R. at pp. 64-65. Therefore, to establish a breach of the warranty, Plaintiffs have to prove not that there a defect in the Property within the six year period, but rather that the defect constituted: actual physical damage to those load bearing elements of the home; AND damage that would cause the Property to become unsafe or otherwise unlivable. Plaintiffs, however, failed to provide such evidence at the summary judgment hearing.

As stated above in *Lowe*, it was incumbent upon Plaintiffs to take affirmative steps to defend their position by proof. By resting upon the mere allegations in their pleadings, Plaintiffs did so at the risk of having judgment entered against them. Plaintiffs never provided evidence contrary to Spectrum's evidence or evidence that the alleged damage rendered the Property unlivable or unsafe. Therefore, Plaintiffs have provided no testimony or validated evidence that there was actual physical damage to a load bearing aspect of the Property rendering it unsafe or unlivable. Without evidence that the Plaintiffs' damage proximately resulted from the breach of the warranty, the trial court was correct in dismissing Plaintiffs'

express warranty claims.  *See Mauney v. Luziers, Inc.*, 215 N.C. 673, 2 S.E.2d 888 (1939); *Bentley Machinery, Inc., v. Pons Hosiery, Inc.*, 33 N.C. App. 482, 235 S.E.2d 790, (1977).

Plaintiffs' claim in this case is based on an express warranty that is clear and unambiguous. Recovery should only be allowed if there is evidence that the damages suffered rise to the level required in the warranty; actual, physical damage to a load bearing element of the house which would cause the home to become unsafe or otherwise unlivable. It is not enough to establish a breach of the express warranty simply to show that there was wood rot to a certain portion of the home. Rather, the rotted wood must constitute actual physical damage to those listed load bearing elements and the damage must be to the extent that it rendered the house unlivable or unsafe. Plaintiffs, however, failed to present such evidence. Therefore, the trial court was correct in granting Spectrum's Motion for Summary Judgment.

As stated above, the express warranty provided to the Martins excluded the problems alleged by Plaintiffs. Furthermore, Plaintiffs provided no evidence that the alleged problems in the Property are structural or would render the Property unsafe or unlivable. Therefore, even if this Court is to determine that Plaintiffs' complaint was timely, Plaintiffs

have not alleged any structural problems as defined by the express warranty. Therefore, the Court properly found that there was no genuine issue of material fact.

## CONCLUSION

The Plaintiffs failed to bring their action within the time required by the statute of repose, which continued to run irrespective of whether the running of the statute of limitations was tolled. Even if Plaintiffs' express warranty claim is held timely, Plaintiffs failed to establish proof of breach of the express warranty. For all of the foregoing reasons, Spectrum respectfully request that this Court affirm the Order of the Superior Court of Wake County granting Spectrum's Motion for Summary Judgment.

Respectfully submitted, this the 29 day of December, 2008.

LEWIS, & ROBERTS, PLLC

Daniel K. Bryson
NC Bar No.: 15781
Scott C. Harris
NC Bar No.: 35328
Post Office Box 17529
Raleigh, NC 27619
Telephone: (919) 981-0191
Facsimile: (919) 981-0199

## CERTIFICATE OF SERVICE

I, Scott C. Harris, do hereby certify that the foregoing document was served upon all parties of record by mailing a copy thereof to their counsel of record at the addresses indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, in accordance with Rule 5 of the North Carolina Rules of Civil Procedure.

This the 29 day of December, 2008.

LEWIS & ROBERTS, P.L.L.C.

By: _Scott C. Harris_
Scott C. Harris
N.C. State Bar No. 35328
Post Office Box 17529
Raleigh, North Carolina 27619-7529
Telephone: (919) 981-0191

SERVED:

Matthew I. Van Horn
Law off of Matthew I Van Horn, PLLC
16 West Martin Street, Suite 700
Raleigh, NC 27601

E   HIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Civil Action No. 2:08-CV-00047-BO

GWEN HART                                       )
on behalf of herself and all others             )
Similarly situated,                             )
                                                )
                 Plaintiffs,                    )
                                                )    **DEFENDANT'S REPLY TO RESPONSE**
              v.                                )    **TO MOTION FOR JUDGMENT ON THE**
                                                )    **PLEADINGS**
                                                )
LOUISIANA-PACIFIC CORPORATION,                  )
                                                )
                 Defendant.                     )

Pursuant to Local Civil Rule 7.1(f), EDNC, Defendant Louisiana-Pacific Corporation

("LP") submits this Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for

Judgment on the Pleadings.   LP respectfully requests that its Motion for Judgment on the

Pleadings be granted.

## STATEMENT OF THE CASE/FACTS

LP hereby incorporates by reference, as if fully set forth herein, the Statement of the Case

and Statement of Facts sections from its Brief in Support of Motion for Judgment on the

Pleadings [DE #24].

## ARGUMENT

Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the

Pleadings ("Plaintiff's Response" or "Response") misconstrues LP's argument in its Motion for

Judgment on the Pleadings.  Plaintiff devotes over four (4) pages of her Response (DE #31, pp. 5

– 8, 11 – 12) to a proposition with which LP does not disagree- that the statute of repose does not

1413531 v 1

bar plaintiff's claim under the ten (10) year express written warranty ("express written warranty"). Contrary to Plaintiff's assertions, LP has not suggested that Plaintiff is not allowed to sue to enforce the warranty. (*See generally* Defendant's Brief in Support of Motion for Judgment on the Pleadings DE #24). Rather, LP has contended that Plaintiff's claims for relief, other than for the remedies provided by the warranty, are barred. *Id.*

The express written warranty attached to the Complaint provides, subject to its limitations and conditions, for payment of an amount equal to the cost of replacement of the failed product.[1] If the Plaintiff's lawsuit was limited to a claim to enforce the remedies set forth in the express written warranty, LP's Motion for Judgment on the Pleadings would not be pending before the Court. However, Plaintiff would pursue a wide range of "compensatory" damages and other relief, as set forth in paragraph 29(g)(h) and (i) of the Complaint.[2] Because Plaintiff seeks remedies beyond those provided by the express written warranty, which are barred by the statute of repose, LP is entitled to judgment on the pleadings.

Plaintiff contends in her Response that LP is barred from asserting the statute of repose by estoppel. Plaintiff's Response misconstrues the true nature of equitable estoppel. "Under the doctrine of equitable estoppel, 'the fraud consists in the inconsistent position subsequently taken, rather than in the original conduct. It is the subsequent inconsistent position, and not the original

---

1. In the Complaint Plaintiff admits that a warranty claim form was submitted to LP on June 16, 2008. (Complt. ¶ 23). Plaintiff's also admits that LP sent representatives to Plaintiff's residence in August 2008. (Complt. ¶ 23). Contrary to the implication in Plaintiff's Response that LP failed to respond to Plaintiff's express written warranty claim, LP adjusted Plaintiff's claim and made an offer based upon the terms of the warranty to Plaintiff on August 21, 2008. This lawsuit followed on October 22, 2008.

2. Subsections (g), (h) and (i) of paragraph 29 of the Complaint read as follows: "g. Whether Plaintiff and the Class are entitled to compensatory damages, including, among other things: (i) compensation for all out-of-pocket monies expended by members of the Class for replacement of the trimboard and/or installation costs; (ii) the failure of consideration in connection with and/or difference in value arising out of the variance between the trimboard as warranted and the trimboard containing the defect; and (iii) the diminution of resale value of the residences and buildings resulting from the defect in the trimboard; h. Whether Plaintiff and the Class are entitled to replacement of their defective trimboard with non-defective trimboard; and i. Whether Plaintiff and the Class are entitled to restitution and/or disgorgement."

conduct that operates to the injury to the other party.'" *Friedland v. Gales*, 131 N.C. App. 802, 808, 509 S.E.2d 793, 797 (1998) (emphasis added) (quoting *Hamilton v. Hamilton*, 296 N.C. 574, 576-77, 251 S.E.2d 441, 443 (1979)).   In the instant case, neither the Complaint nor Plaintiff's Response identifies any "subsequent inconsistent position" which "operat[ed] to the injury" of the Plaintiff.   (*See generally* Complt.; Response).   As a result, Plaintiff has not set forth facts sufficient for the application of estoppel.  *Friedland*, 131 N.C. App. at 807, 509 S.E.2d at 797 ("The party seeking to invoke the doctrine of equitable estoppel must plead facts sufficient to raise an issue as to its application.").

Moreover, in addition to misconstruing the concept of estoppel altogether, Plaintiff also fails to allege the requisite element of reliance, i.e. that Plaintiff was induced by LP to delay filing suit.  *Jordan v. Crew*, 125 N.C. App. 712, 720, 482 S.E.2d 735, 739 (1997).  The *Jordan* case arose out the defendant attorney's drafting of two deeds conveying real estate.  *Id.*, 125 N.C. App. at 714, 482 S.E.2d at 735.  The purported negligent drafting occurred on September 16, 1980.  *Id.*  A dispute over the properties arose in February 1992.  *Id.*  In February 1995 plaintiffs filed suit against the defendant attorney alleging negligence and breach of contract.  *Id.*  The defendant attorney moved to dismiss the complaint based on the applicable statute of limitations and repose for actions involving professional malpractice, N.C. Gen. Stat. § 1-15(c).  *Id.* at 715-16, 482 S.E.2d at 736-37.  The trial court granted the defendant attorney's motion, holding the complaint was barred by N.C. Gen. Stat. § 1-15(c).  *Id.* at 715, 482 S.E.2d at 736.  On appeal plaintiffs contended that the defendant attorney was estopped from asserting the statute of limitations and repose as a defense.  *Id.* at 719, 482 S.E.2d at 739.  In affirming the trial court's 12(b)(6) dismissal of the plaintiffs' lawsuit the Court stated, "Plaintiffs have not alleged any

reliance upon a misrepresentation by defendant which prevented them from timely filing this action. Therefore, equitable estoppel is not available to plaintiffs." *Id.* at 720, 482 S.E.2d at 739.

In the instant case, Plaintiff's Complaint does not contain any allegations that LP made misrepresentations which induced Plaintiff to delay filing this lawsuit. (*See generally* Complt.). Plaintiff attempts to allege reliance are premised upon the contention that the Plaintiff "would not have purchased the product had she known the true facts about the defects in the TrimBoard." (Response p. 11). However, Plaintiff's attempt to allege reliance is futile because Plaintiff's Complaint admits that she did <u>not</u> purchase the trimboard. (Complaint ¶ 11) (stating, "Plaintiff, who did not directly purchase the trimboard, did not negotiate or bargain for the terms of the express warranty provisions and any purported limitations contained therein."). Thus as in *Jordan*, "Plaintiffs have not alleged any reliance upon a misrepresentation by defendant which prevented them from timely filing this action. Therefore, equitable estoppel is not available to plaintiffs." *Jordan*, 125 N.C. App. at 720, 482 S.E.2d at 739.

## <u>CONCLUSION</u>

LP respectfully requests that this Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiff's claim for breach express written warranty with prejudice because it is barred by the product liability statute of repose.

Respectfully submitted this the 6th day of July, 2009.

CRANFILL SUMNER & HARTZOG LLP

BY: /s/ Paul S. Holscher
RICHARD T. BOYETTE
Email: rboyette@cshlaw.com
N.C. State Bar No. 7623
PAUL S. HOLSCHER
Email: pholscher@cshlaw.com
N.C. State Bar No. 33991
P.O. Box 27808
Raleigh, NC 27611-7808
Telephone:     (919) 828-5100
Facsimile:     (919) 828-2277

*Of Counsel*

James E. Weatherholtz
S.C. State Bar No. 16872
Federal Bar No. 7473
Email: JWeatherholtz@Buistmoore.com
BUIST MOORE SMYTHE MCGEE P.A.
P.O. Box 999
Charleston, SC 29402
Telephone:     (843) 720-4628
Facsimile:     (843) 723-739

*Counsel for LP*

Case 2:08-cv-00047-BO    Document 32    Filed 07/06/2009    Page 5 of 6

E  HIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Civil Action No.: 2:08-CV-47

GWEN HART                              )
on behalf of herself and all others    )
similarly situated,                    )
        Plaintiffs          )
                       )
                       )
       v.                     )       **<u>CERTIFICATE OF SERVICE</u>**
                       )
LOUISIANA-PACIFIC CORPORATION,        )
                       )
        Defendant.            )

    I hereby certify that on July 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel K. Bryson, Esq.                Joel R. Rhine, Esq.
Scott C. Harris, Esq.                 Christopher M. Theriault, Esq.
LEWIS & ROBERTS, PLLC                 LEA RHINE ROSBRUGH & CHLEBOROWICZ, PLLC
3700 Glenwood Ave., Suite 410         314 Walnut Street
Raleigh, NC 27612                     Wilmington, NC 28401
*Attorneys for Plaintiff*             *Attorneys for Plaintiff*

    Respectfully submitted,


                     CRANFILL SUMNER & HARTZOG LLP

                 BY:   <u>/s/ Paul S. Holscher</u>
                        RICHARD T. BOYETTE
                        Email: rboyette@cshlaw.com
                        N.C. State Bar No. 7623
                        PAUL S. HOLSCHER
                        Email: pholscher@cshlaw.com
                        N.C. State Bar No. 33991
                        *Counsel for LP*
                        P.O. Box 27808
                        Raleigh, NC 27611-7808
                        Telephone:   (919) 828-5100
                        Facsimile:    (919) 828-2277

1413531 v 1

- 6 -

FIFTEEN-B DISTRICT

E HIBIT E

# Supreme Court of North Carolina

**GEORGE CHRISTIE and DEBORAH CHRISTIE**

v

**HART E  CONSTRUCTION, INC. GRAI  COAT WOR DWIDE,    C  and GRAI  CO, INC.**

From N.C. Court of Appeals
( 12-1385 )
From Orange
( 11CVS2147 )

## O R D E R

Upon consideration of the petition for discretionary review, filed by Plaintiffs on the 20th of August 2013 in this matter pursuant to G.S. 7A-31 and the Appellate Rule 16(b) as to issues in addition to those presented as the basis for the dissenting opinion in the Court of Appeals, the following order was entered and is hereby certified to the North Carolina Court of Appeals:  the petition for discretionary review as to additional issues is

"Allowed by order of the Court in conference, this the 18th of December 2013."

s/ Beasley, J.
For the Court

Therefore the case is docketed as of the date of this order's certification.  Briefs of the respective parties shall be submitted to this Court within the times allowed and in the manner provided by Appellate Rule 15(g)(2).

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 20th day of December 2013.



Christie Speir Cameron Roeder
Clerk, Supreme Court of North Carolina

M. C. Hackney
Assistant Clerk, Supreme Court Of North Carolina

Copy to:
North Carolina Court of Appeals
Mr. Daniel  . Bryson, Attorney at  aw, For Christie, George, et al - (By Email)
Mr. Scott C. Harris, Attorney at  aw, For Christie, George, et al - (By Email)
Mr. William W. Pollock, Attorney at  aw, For Hartley Construction, Inc. - (By Email)
Mr. Andrew  . Chapin, Attorney at  aw, For Grailcoat Worldwide,    C, et al - (By Email)
Ms. Angela M. Allen, Attorney at  aw, For Hartley Construction, Inc. - (By Email)
West Publishing - (By Email)